IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY AYERS WILKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-437-RAH-SMD |
| | ) |
| MUNICIPALITY OF TROY ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se plaintiff Larry Ayers Wilke ("Wilke") filed this civil rights action against Defendant Municipality of Troy Alabama ("Troy"). Compl. (Doc. 1). In its entirety, the complaint alleges that Wilke's constitutional rights were violated on February 2, 2023, because he was "libeled by the author of the document signed 'Kelly Sanders' who is an employee of the Municipality of Troy Alabama." *Id*. p. 1. At the time he filed his complaint, Wilke did not move the Court to proceed *in forma pauperis* or pay the Court's civil filing fee. Therefore, the undersigned ordered Wilke to pay the filing fee or file a motion to proceed *in forma pauperis* supported by an accompanying financial affidavit. Order (Doc. 6).

Wilke filed a Motion for Leave to Proceed *in Forma Pauperis* (Doc. 8), which included the Court's long-form financial affidavit filed under penalty of perjury. After reviewing Wilke's financial affidavit, the undersigned found that he had the requisite

funding to pay the filing fee in this Court.[1] Order (Doc. 9). Therefore, the undersigned denied Wilke's motion to proceed *in forma pauperis* and ordered him to pay the Court's filing fee in full on or before September 10, 2024. Order (Doc. 9). The undersigned advised Wilke that **"his failure to timely pay the filing fee by that date will result in the undersigned's recommendation that this case be dismissed for failure to abide by orders of the Court and to prosecute this action."** *Id.*

To date, Wilke has not paid the filing fee or sought an extension of time to do so. The undersigned's prior order clearly advised Wilke that if he failed to pay the filing fee, the undersigned would recommend that his case be dismissed. Because Wilke has not paid the filing fee and has been sufficiently warned of the consequences of his failure to do so, this case should be dismissed. *See Coggins v. Crouch*, 2009 WL 1737605, at *1 (M.D. Ala. June 17, 2009) (dismissing a pro se plaintiff's complaint because he failed to pay the filing fee within the time frame set forth by the magistrate judge). Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Wilke's complaint (Doc. 1) be dismissed without prejudice. It is further

ORDERED that Wilke shall file any objections to this Recommendation **on or before October 9, 2024.** Wilke must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28

---

[1] The financial affidavit showed monthly income in the amount of $3,600.00; $9,000.00 in savings/cash; and $1,600.00 in monthly expenses. Mot. (Doc. 8).

U.S.C. § 636(b)(1) shall bar Wilke from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives Wilke's right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of September, 2024.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE